UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                     Case No. 16-10780-WRS
                                                          Chapter 13
JAMES LEWIS,

      Debtor

**MEMORANDUM DECISION**

This Chapter 13 case came before the Court for hearing on November 1, 2016, on the Chapter 13 Trustee's Objection to Claim of Grange Mutual Casualty Insurance Co. (Doc. 21, 22). Grange Mutual was present by counsel A.C. Donahue and the Chapter 13 Trustee was present by counsel Sabrina McKinney. For the reasons set forth below, the objection is sustained and Claim No. 2 of Grange Mutual is disallowed.

**I. FACTS**

The Debtor filed his petition in bankruptcy on April 27, 2016. (Doc. 1). A claims bar date of September 12, 2016 was established by operation of Bankruptcy Rule 3002(c), and mailed to creditors. (Doc. 7). Counsel for Grange Mutual prepared and executed a proof of claim on September 8, 2016. The Proof of Claim was mailed from Grange Mutual's counsel's law office in Kentucky on September 9, 2016, and received by the Clerk of this Court on September 15, 2016. The claim was received 6 days after it was mailed and 3 days after the claims bar date. (Claim No. 2).[1]

---

[1] The Proof of Claim was stamped "Received" in the Clerk's office on September 15, 2016, but not docketed until September 16, 2016. The date the claim is received is the pertinent date for purposes of determining the date of filing. Rule 5005(a), Fed. R. Bankr. P.

## II. LAW

### A. Subject Matter Jurisdiction, Core Proceeding

This Court has subject matter jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(B). This is a final order.

### B. Grange Mutual's proof of claim was not timely filed.

Grange Mutual argues that its claim was timely filed as it should be allowed three extra days for the mail.[2] Rule 9006(f), Fed. R. Bankr. P., provides as follows:

> When there is a right or requirement to act or undertake some proceedings within a prescribed period after being served and that service is by mail or under Rule 5(b)(2)(D) (leaving with the clerk) or (F) (other means consented to) F.R.Civ.P., three days are added after the prescribed period would otherwise expire under Rule 9006(a).

The obligation to file a proof of claim is established by the Bankruptcy Code and the time in which a proof of claim must be filed is mandated by the Federal Rules of Bankruptcy Procedure. 11 U.S.C. § 501-01, Rule 3002(c). Examination of Rule 3002(c) reveals that the claims bar date, in a case under Chapter 13, is set "90 days after the date first set for the meeting of creditors."

The question becomes whether 3 days are added to the claims bar date by operation of Rule 9006(f). The claims bar date is established by operation of the Bankruptcy Rule 3002(c), as a function of the date set for the meeting of creditors, and not by reference to service of anything

---

[2] In its filing, Grange Mutual cites the Kentucky Rules of Civil Procedure. As the applicable rule here is Rule 9006(f), Fed. R. Bankr. P., the Court will consider that rule.

by mail on the creditors. The claims bar date is 90 days after the date of the meeting of creditors is first set. As the 90-day time period is not established by reference to service of something on the creditor, the 3 day extension of Rule 9006(f) does not apply. To be sure, parties in interest are mailed "notice" of the bar date. However, the giving of notice by mail does not establish the bar date. See, Rule 2002(a)(1), Fed. R. Bankr. P. The argument made by Grange Mutual is contrary to the plain language of Rule 9006(f).

Grange Mutual does not cite any case law in support of its argument, however, reported case law is against its position. Oppenheim, Appel, Dixon & Co., v. Bullock (In re Robintech, Inc.), 863 F.2d 393, 395 (5th Cir. 1989); In re Klimesh, No. 98-82355, 1999 WL 33582101, *2 (Bankr. C.D. Ill. July 29, 1999)(holding that the 3 extra days provided by Rule 9006(f) did not operate to extend the claims bar date); In re Reynolds, 215 B.R. 89 (Bankr. N.D. Ga. 1997); In re Bailey, 151 B.R. 28, 34 (Bankr. N.D.N.Y. 1993); In re Roberts, 98 B.R. 664 (Bankr. D. Vermont 1989); In re Allegheny International, Inc., 93 B.R. 910 (Bankr. W.D. Penn. 1988); In re Duncan, 86 B.R. 288 (Bankr. M.D. Fla. 1988); In re Whitten, 49 B.R. 220, 222 (Bankr. N.D. Ala. 1985).

The proof of claim in question here was filed 3 days late. However, the rule establishing the claims bar date provides for only limited exceptions for claims which are not timely filed, none of which apply here. Rule 3002(c). Indeed, Grange Mutual makes no argument here that any of the Rule 3002(c) exceptions apply. This Court has previously recognized that the strict application of Rule 3002(c) can lead to harsh results. In re LaPrade, No. 07-80001, 2007 WL 2301101, *3, (Bankr. M.D. Ala. Aug. 9, 2007)(disallowing claim filed one day after bar date). To efficiently administer its cases, the Court needs to impose bar dates and hold interested parties to them. The meeting of creditors is usually set about 30-45 days after filing and the claims bar

3

date is 90 days after that. As a result, creditors typically have 120 days to file their claim, the bar date will not pose a problem to one who exercises reasonable diligence.

### III. CONCLUSION

In cases under Chapter 13, the claims bar date is established by rule 90 days after the date first set for the meeting of creditors. Rule 3002(c). Rule 9006(f), which provides an additional 3 days after service by mail does not operate to supply 3 extra days because the claims bar is not set by reference to service by mail of anything on the creditors. This is because the claims bar date is set by reference to the first date set for the meeting of creditors. That notice of the claims bar date is mailed to all creditors does not make the three day rule applicable in this situation. For this reason, the claim of Grange Mutual is late. The Court will disallow the claim by way of a separate document.

Done this 21st day of February, 2017.

United States Bankruptcy Judge

c: Michael D. Brock, Attorney for Debtor
A. C. Donahue, Attorney for Grange Mutual
Sabrina L. McKinney, Acting Trustee